IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, DC 20006-5387<br><br>                Plaintiff<br>v.<br><br>CJP ENTERPRISES<br>   a/k/a Butler Enterprises<br>61 Accord Park Drive<br>Norwell, MA 02061<br><br>        and<br><br>JANET BUTLER, individually and<br>   d/b/a CJP Enterprises, a/k/a Butler Enterprises<br>61 Accord Park Drive<br>Norwell, MA 02061<br><br>                Defendants | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

### VENUE

3. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

134351-1

## PARTIES

4. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

5. Defendant, CJP Enterprises' ("Company") is an unincorporated business operated as a partnership or sole proprietorship by individual defendant, Janet Butler, and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

6. Defendant, Janet Butler, ("Individual Defendant" and, together with Company, "Defendants") is an individual and the owner, partner or proprietor of Company, an unincorporated business, and thus, an employer within the meaning of 29 U.S.C. §§152(2), (6) and (7) and 1002(5), (11) and (12) and therefore, jointly and severally liable with Company for all obligations, including obligations to the Fund. Individual Defendant maintains a business office or residence at the address in the caption.

## COMMON FACTS

7. At all times relevant to this action, the Defendants were parties to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

162036-1                                    2

8. The Defendants also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. A true and correct copy of §§10.07, 10.11, 10.12 of the Plan is attached as Exhibit 2 and incorporated by reference.

9. Under the Labor Contracts, Trust Agreement and Plan, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the Defendants' records concerning its obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of the Defendants' failure to comply with their contractual and statutory obligations

described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

10. The Defendants also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

11. The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

## PENSION FUND

## v.

## DEFENDANTS

12. The allegations of Paragraphs 1 through 11 are incorporated by reference as if fully restated.

13. On information and belief, Defendants have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements and Plan from July 2005 to present in at least the sum of $14,650.50 based upon information presently available to the Funds.

14. Despite request(s) for payment, the Defendants have not paid the Funds as required by the Labor Contracts, Trust Agreements, the Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)  Enter judgment against Defendants, jointly and severally, and in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $14,650.50 plus any additional amounts revealed by an audit of the Defendants' records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements and Plan.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

v.

### DEFENDANTS

15.  The allegations of Paragraph 1 through 14 are incorporated by reference as if fully restated.

16.  On information and belief, Defendants have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements and Plan from July 2005 to present in at least the sum of $14,650.50 based upon information presently available to the Funds in violation of 29 U.S.C. §1145.

17.  The Defendants have failed to make the payments despite the Funds' repeated

requests for payment.

18.     The Funds have been damaged by the Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     Enter judgment against Defendants, jointly and severally, and in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the amount of $14,650.50 plus any additional amounts revealed by an audit of the Defendants' records or which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Plan, and 29 U.S.C. §1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PENSION FUND

## v.

## DEFENDANTS

19.     The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20.     The amount of contributions the Defendants are required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

21.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendants' delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendants.

22.     Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

23.     No audit of the Defendants' books and records has been performed and the Defendants have not submitted all of the contractually-required remittance reports or provided all required information (including the detail of hours worked by employees) on reports they have submitted.

24.     The Defendants are required by the Labor Contracts, Trust Agreements and

applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

25. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

26. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Defendants and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Defendants, jointly and severally, to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

v.

### DEFENDANTS

27. The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28. On information and belief, the Defendants have failed to make contributions to

the Funds as required by its Labor Contracts, the Trust Agreements and Plan in a period not barred by any applicable statute of limitations or similar bar.

29. On information and belief, the Funds have been damaged by the failure of the Company to make contributions as required by its Labor Contracts, the Trust Agreements, Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against the Defendants, jointly and severally, and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

v.

### DEFENDANTS

30. The allegations of Paragraphs 1 through 29 are incorporated by reference as if fully restated.

31. On information and belief, the Defendants have failed to make contributions to

162036-1                                                            9

the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

32. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendants' delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of the Defendants.

33. On information and belief, the Funds have been damaged by the Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against the Defendants, jointly and severally, and in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

## PENSION FUND

## v.

## DEFENDANTS

34. The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35. A money judgment or other remedy available at law is inadequate because the Defendants have shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

36. Unless ordered to do otherwise by this Court, Defendants will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

37. All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Permanently restrain and enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Defendants and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties

162036-1                                11

providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Defendants are contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

> Respectfully submitted,
>
> JENNINGS SIGMOND, P.C.
>
> BY: _____
> SANFORD G. ROSENTHAL
> Bar No. 478737
> The Penn Mutual Towers, 16th Floor
> 510 Walnut Street, Independence Square
> Philadelphia, PA 19106-3683
> (215) 351-0611
> Attorney for the Fund

Date: 12/20/05

OF COUNSEL:
JESSICA L. TORTELLA
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215)351-0669